[No. 18583. Department One. September 25, 1924.]

WILLIAM H. RICHARDSON et al., Respondents, v.
G. W. YANCY et al., Appellants.[1]

PARTY WALLS (2)—LIABILITY FOR USE—AGREEMENT—CONSTRUC-
TION. Under a party wall agreement whereby a party agreed to
pay one-half of the value of so much of the wall or extensions, in-
cluding the foundations, as he may use, such party is liable for
the value of the basement wall supporting the wall used by him,
although his building had no basement and started from the surface
of the ground.

SAME (2). In such a case, the above result is not affected by
a proviso exempting the parties from liability by reason of their
existing building being connected with the wall only as long as the
old building remains without enlargement.

SAME (2)—LIABILITY—EXTENT OF USE—COMPLIANCE WITH
ORDINANCE. Under a fire ordinance requiring fire parapets to extend
three feet above the roof, except along property side lines, where
a one foot parapet is required, an owner building under a party
wall agreement uses only one foot of the party wall as his fire
parapet.

SAME (2)—LIABILITY—VALUE OF WALL—ALLOWANCE FOR DEPRE-
CIATION. Upon an issue as to the value of a party wall, eighteen
years after its construction, it cannot be said that the value depre-
ciated to the same extent as the depreciation in the value of the
building, but a fair depreciation is properly allowed upon it as a
wall or block of masonry.

Appeal from a judgment of the superior court for
King county, Neal, J., entered October 16, 1923, upon
findings in favor of the plaintiffs, in an action upon
a party-wall agreement, tried to the court. Modified.

*Donworth, Todd & Higgins,* for appellants.

*Benton Embree,* for respondents.

TOLMAN, J.—This appeal is from a judgment ren-
dered in favor of respondents, plaintiffs below, and

[1]Reported in 228 Pac. 700.

against appellants, defendants below, in the sum of $2,624.45, found by the trial court to be the amount due under the terms of a party-wall agreement made by the predecessors in interest of the respective parties in March, 1904.

The party-wall agreement, which was duly recorded, contains, among other things, the following provisions, which seem most strongly to bear upon the matters now in controversy:

"Whereas, the party of the first part is now contemplating the construction upon the east one-half of the lots aforesaid of a brick and stone building of from three to six stories in height, under and in pursuance of the aforesaid lease from the parties of the second part, and all of the parties hereto wish that the said west wall to be erected by the said first party to separate the adjoining buildings which may be placed upon the said adjoining parcels shall be and remain a party wall; . . .

"That the party of the first part in erecting the building hereinabove contemplated, shall make the wall thereof on the side adjoining the land of the parties of the third part of the following dimensions, to-wit: twenty-eight (28) inches thick for the basement and foundation; twenty-four (24) inches thick for the first story; twenty (20) inches thick for the second and third stories, and if he shall build higher, then sixteen (16) inches thick for the fourth and fifth stories, and twelve (12) inches thick for the sixth story; the same to run for the entire distance of the dividing line between the above described properties for the basement and first story of said building, . . . and shall place said wall one-half in width on the land of the parties of the second part, and one-half in width on the land of the parties of the third part, and the same when built or restored shall become and remain a party wall.

"Whenever either of said parties shall use the whole or a part of said wall, original or restored, or any extension thereof, built by the other party, the one so

using shall pay to the other party, or those claiming
under him or them, being the owners for the time being
of the land of the party who built such wall or exten-
sion, one-half of the value at that time of so much of
said wall or of such extension, including the founda-
tions under the same, as he or they may use,  .   .   .

"And provided further, that the parties of the third
part shall not be deemed to have used said wall, or any
portion thereof, or be liable to pay for any part of
said party wall, by reason of the connection of their
present building therewith, but they shall pay accord-
ing to the foregoing provisions if they enlarge their
present building by the excavation of a basement, or
otherwise extend its dimensions, except by veneer-
ing."

Following the execution of the agreement, the first
party therein named, the predecessor in interest of re-
spondent, erected the building contemplated by the
agreement, and as a part thereof built the party-wall
in accordance with the terms of the agreement. Appel-
lants having acquired title to the land owned by the
third parties to the agreement, in the year 1922 con-
structed thereon a two-story brick and concrete build-
ing without basement, using in part the party-wall
which had been constructed eighteen years before, that
being the first use of the wall by anyone other than the
builder and his successors. The parties disagreed as
to the amount which appellants should pay for the use
which they have so made of the wall, and appellants
tendered $1,500 as fully covering their liability, which
tender has been kept good. Respondents refused the
tender and sued for an amount considerably in ex-
cess of that allowed them by the trial court.

We gather from the briefs and oral argument that
the points now in controversy are but two: first, what
part of the wall have appellants used? and second, to
what extent has the wall depreciated in value?

The first question may again be divided into (a) did appellants use the foundation or basement wall? and (b) what portion of the wall, if any, above the roof of their building did they use?

Appellants seem to contend that, by the construc-- tion of a building without a basement, the ground floor of which rests directly upon the earth, without contact with the wall, they have avoided the use of the foundation and basement wall, and under the quoted provisions of the agreement should not be held to pay anything therefor. No doubt, as pointed out, the older building uses this particular foundation wall as a wall to its extensive and valuable basement, but we are dealing here with a particular wall described and pro- vided for in the agreement, and the foundation and basement wall is an inherent and essential part of it, without which that which is built above could not stand, and one using any part of the wall above thereby uses the foundation underneath, so that we are clear that the language of the agreement, "one-half of the value at that time of so much of said wall or of such exten- sion, including the foundations under the same as he or they may use," means the foundations as provided for in the contract for the support of the wall which may be used, leaving it optional with the later user to use such foundation wall for basement purposes or not as he might elect. Nor do we think the last pro- viso already quoted is intended to lead to a different in- terpretation. This proviso plainly exempts appellants from liability by reason of their then existing building being connected with the wall, such exemption to con- tinue only so long as the old building might remain without enlargement in any manner. We can see no other purpose to be effected by the proviso, and if that purpose is kept in mind, there is no ambiguity or

uncertainty in the proviso.

There is and was in force in the city of Seattle an ordinance, No. 42,990, which provides:

"SECTION 374: All exterior and division masonry walls, including those facing upon courts and light shafts, shall be extended above the roof as fire wall parapets at least three (3) feet, except as hereinafter provided. . . . Fire wall parapets may be reduced to twelve (12) inches height above the roof along the property side lines only; provided that they are built against an adjacent building or buildings. the walls of which are of masonry and which extend at least three (3) feet above the said roof and which have no openings, the lower edge of which is within three (3) feet of said roof."

To comply with this ordinance, if no higher wall adjoined their building on the east, appellants would have been required to carry their east wall three feet above the roof of their building, but a higher wall (the party wall) did exist, and if it had not been a party wall and had stood wholly upon the ground of respondents, but up to the line, then appellants would have been required to construct their wall but one foot above the roof of their building. The older and easterly building with its higher walls existed for eighteen years before the appellants built, and therefore the ordinance required them to build only a twelve-inch fire wall, and to that extent only they are using the party wall above their roof. We conclude that the trial court erred in allowing for more than one foot of the wall above the roof of appellant's building.

On the question of depreciation, there is a mass of testimony, conflicting in a way, but more because of difference in theory than of any difference as to the actual facts.

There is no dispute that the value of the wall in 1922,

when it was used, is to be determined by the cost of
then reproducing it, less depreciation during the
eighteen years which it had stood and been in use. Ap-
pellants produced much testimony upon the theory
that the building of which the wall is a part would de-
preciate as a building, and the wall, being a part of the
building, would depreciate to the same extent as the
whole building; but we cannot hold this to be a sound
theory. The building of which the wall is a part might,
by the passage of time, become unsuited to business
conditions in that location, requiring remodeling, or
even tearing down and rebuilding, but the wall might
still remain and be used as a support for the remodeled
or rebuilt building, and we take the view that the
agreement treats the wall as a wall, or as a block of
masonry, existing for the benefit of both parties, and
not as a part of the building with which it was erected.
So regarding it, the trial court went as far in his al-
lowance for depreciation as the evidence will justify.

We find no error in the case except as hereinbefore
pointed out in allowing for the use of the party
wall to the extent of three feet instead of one foot
above the roof of appellants' building. The judgment
must be modified by reducing the amount to the extent
of the value of one-half of the excess two feet of the
wall, which was allowed by the trial court, and when
so modified it will stand affirmed, but without costs in
this court to either party.

MAIN, C. J., MACKINTOSH, and PARKER, JJ., concur.

HOLCOMB, J. (concurring)—While I dislike to dis-
agree about trifles, to my mind, the requirements of
the fire ordinance and the very logic of the writer of
the above opinion requires the affirmance of the judg-

ment as to the three feet of the party wall as a fire parapet. In everything else, I concur with the opinion. The judgment should be in all things affirmed.