Argued November 22; affirmed December 5, 1939; rehearing denied
February 6, 1940

# HOQUARTON CO. *v.* WINSLOW
(96 P. (2d) 769)

Department 1.

*George P. Winslow*, of Tillamook, for appellant.
*H. T. Botts*, of Tillamook, for respondent.

BEAN, J. The defendant appeals from a decree awarding plaintiff $203.97, with interest, which amount was decreed to be a lien on the lands of the defendant, situated in Tillamook county, Oregon, and described in the record.

This case involves a controversy over the amount that should be contributed towards the cost of a party wall. In 1912, the Tillamook County Bank and R. F. Zachman entered into an agreement whereby the Tillamook County Bank proposed to build a party wall on the boundary line between the property owned by Zachman and the bank. The full agreement is made a part of plaintiff's complaint. Some years after the party wall was constructed the bank conveyed its property to the plaintiff by deed. The deed did not in any manner refer to the party wall, except it contained the usual clause in reference to appurtenances. In 1934, the defendant George P. Winslow purchased the Zachman property, and in 1937 caused a one-story building to be erected thereon. The party wall agreement provided that Zachman would pay in advance the extra cost

made necessary by reason of the fact that it was to be a party wall and this amount was agreed upon at the time the wall was constructed, and Zachman paid the bank $250 to cover all the extra cost. The party wall agreement then provided:

"at any time second party desires to make use of any portion of said party wall, second party shall pay to first party an amount sufficient to equal one-half of the entire cost of said party wall less the sum already paid so far as said party wall shall be used by second party for such purpose."

The building which the bank constructed included a fifteen-foot, eight-inch basement and three stories.

It is admitted by both parties that the total cost of the whole wall, including the basement and three stories, was $1,280. The dimensions of the party wall are set forth by defendant as follows: Height of basement wall, 15 feet, 8 inches; height of first story, 15 feet, 4 inches; height of second story 10 feet; height of third story 10 feet; height of wall above third story wall, 6 feet, 7 inches.

The lower court found that "in the construction and use of his said building defendant used and continues to use said party wall for its entire length as a one story building with a basement on the west end 46 feet in length and 8 feet in depth, and the first story being of the height of — feet. The total area of said wall is 4,230 feet and defendant has made use of and is using 2,218 sq. ft. in area of said wall * * *."

It is admitted that the first story wall is 15 feet, 4 inches, and that defendant was compelled to use a small portion of the wall above the first story in order to secure proper drainage and protection from rain.

Defendant submits that the two questions involved on this appeal relate solely to the proper interpretation

of the party wall agreement, and are as follows: First, does the agreement require defendant to pay the full cost of the basement wall when a part only was actually used? Second, is defendant entitled to credit for the $250 admittedly advanced by Zachman upon the cost of the wall used by defendant?

Plaintiff contends that defendant is liable for one-half of the cost of the entire basement wall, although it admits that defendant does not actually use all of the same; also that the $250 paid by Zachman should be first deducted from the $640, which is one-half of the cost of the entire wall, and that defendant should pay plaintiff the percentage of the balance of that part of the whole wall which defendant uses, plaintiff's contention being that defendant uses more than sixty per cent of the entire party wall, and plaintiff therefore demands that defendant pay that percentage of the balance of $390 without any credit.

■ Defendant tendered to plaintiff $140 as his proportion of the payment. Therefore the defendant admitted liability for this wall. This leaves the only question of the amount, or the figuring of defendant's proportion.

We see no necessity of discussing the question of covenants running with the land. We considered that question in *Ford v. Oregon Electric R. Co.*, 60 Or. 278, 117 P. 809, 36 L. R. A. (N. S.) 358, Ann. Cas. 1914A, 280.

■ The party wall agreement provides, in part, that the second party Zachman agrees to pay first party, the bank, the difference between the cost of the wall sufficient for the support of the first party's building, and the entire cost of said party wall. It was agreed that the extra cost was $250. This $250 the defendant

claims should be credited upon his payment for the part of the wall that is used, but the party wall agreement contemplates that the $250 should be paid for the extra cost of the party wall caused by making it a party wall, and this gives the defendant a right to erect a building three stories high adjoining the party wall. Zachman has paid the extra cost of supports, etc., $250, and that has remained for about 26 years, and defendant still has a right to raise his wall the entire three stories. He is not entitled to have the $250 credited on the cost of the portion which he uses, but it should be credited on one-half of the whole amount of the cost of the wall, or $640. If defendant is entitled to credit for the $250 paid by Zachman on the portion of the wall used by him, then he would be paying nothing for the party wall of the second and third stories, which is not in accordance with the agreement.

The party wall agreement provides in part as follows:

"* * * the north wall of said building shall be constructed upon the property of both parties hereto along the line between the said properties, and that said wall shall be used as a party wall for the joint use and benefit of the parties hereto as appurtenant to the said described land.

"Now therefore, the parties hereto agree, that first party shall construct the wall for the aforementioned building along the line between the properties above described, one half on the land of each of the parties hereto, said wall to be constructed in accordance with the plans and specifications for the building which first party is now about to erect on its land, with such changes therein as shall make the construction uniform on each side thereof, and with whatever facilities and arrangements are necessary for second party to connect with said wall at any time he may desire to erect a building upon his own land of a construction similar to

that now under way by first party, and that said wall, when so constructed, shall be a party wall for the common use of the parties hereto for the support and shelter of any building or structure which the parties may severally wish to construct upon their respective lands.

"* * * at any time second party desires to make use of any portion of said party wall, second party shall pay to first party an amount sufficient to equal one-half of the entire cost of said party wall less the sum already paid so far as said party wall shall be used by second party for such purpose. * * *

"This agreement is made for the benefit of the respective lands of the parties hereto herein described, and is intended to be in every respect appurtenant to said lands and to pass with the same to heirs, executors, administrators, assigns and successors of the respective parties hereto and the respective parcels of land of the respective parties shall be in every respect bound by and chargeable with the performance of the terms of this agreement, in whomsoever hands the same may come, and by whomsoever the same may be owned.''

■ The testimony shows that defendant uses the entire basement wall, even though his own basement is not as deep as the basement put in by the bank. The foundation and basement wall are an inherent and essential part of the wall, without which that which is built above could not stand, and one using any part of the wall above thereby uses the foundation underneath: *Richardson v. Yancy*, 131 Wash. 35, 228 P. 700; *National Life Ins. Co. v. Lee*, 75 Minn. 157, 77 N. W. 794.

As we understand the record, the difference between the parties is in respect to the application of the $250 and the difference between the size of the basement of defendant and the entire basement. The party wall agreement provides for a kind of partnership, and defendant's predecessors relied upon and agreed, to a

certain extent, on the specifications of the building which the bank proposed to build, and it is too late now for the second party to the agreement, or his successor, to complain about the details or specifications in regard to the basement wall.

After the bank's building was completed the contractor furnished R. F. Zachman with a statement of the cost of the party wall, as follows:

"The whole cost of the party wall between your property and the Bank is $1280.00 divided as follows:

| | |
|---|---|
| Basement wall 34.5 cu. yds. 13 ft at $26.50 per ft. | $ 345.00 |
| First floor 20 cu. yds. | 200.00 |
| Second floor 20 cu. yds. | 200.00 |
| Fire wall 8 cu. yds. | 80.00 |
| Steel and form work | 455.00 |
| Total | $1280.00 |
| One half payable by Mr. Zachman | 640.00 |
| Due on completion of bldg. | 250.00 |
| | 390.00 |
| Payable when used | |
| Due Boyajohn Arnold Co. as above | $250.00 |
| Received payment, S. N. Arnold. | |

PAID Jul 26, 1913
Tillamook County Bank
Tillamook, Oregon.

We the undersigned agree to the above statement.

Tillamook County Bank

By M. W. Harrison, Pres.

R. F. Zachman.''

This statement and agreement was acknowledged and was duly recorded in March, 1938.

■ As we understand the figures it would amount to a slight sum over that awarded by the court, but the plaintiff did not appeal and does not complain in regard to the decree.

The decree of the lower court is equitable and fair and should be affirmed. It is so ordered.

RAND, C. J., and KELLY and ROSSMAN, JJ., concur.